NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DARREN G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, S.G., L.G., *Appellees*.

No. 1 CA-JV 16-0078
FILED 1-10-2017

---

Appeal from the Superior Court in Maricopa County
No. JD22346
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

---

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee DCS*

_____

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

_____

**K E S S L E R**, Judge:

**¶1**        Darren G. ("Father") appeals the juvenile court's order terminating his parental rights to L.G. and S.G. (collectively "the children"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        The children came into the Department of Child Safety's ("DCS") care in May 2014 when the mother of the children, Stephanie G. ("Mother") was arrested for shoplifting and possession of a dangerous drug.[1] While incarcerated, Mother left the children with Father, who was only allowed supervised visitation due to a prior court order. The children were found dependent as to Father on June 12, 2014, and dependent as to Mother on August 8, 2014.

**¶3**        The children had previously been found dependent in 2012 after L.G. overdosed on medication. Both Mother and Father failed to get medical attention for L.G. until she became unresponsive and began frothing at the mouth. The parents received reunification services and the children were returned to Mother in February 2014. However, Father was only allowed supervised visitation with the children following the dependency. Additionally, the family had previous DCS reports going as far back as 2007, although none of those had led to a dependency proceeding. The reports included descriptions of the home as being filthy and having dog feces in the hallway, S.G. having bruises on his back from Father's hitting him, Mother violently shaking L.G., and a second incident where L.G. overdosed on Mother's pills.

**¶4**        After the children were found dependent, DCS offered Father reunification services including a psychological evaluation, drug testing

_____

[1]        Although Mother also appealed the termination of her parental rights, her appeal was dismissed August 4, 2016, pursuant to Arizona Rule of Procedure for the Juvenile Court 106(G)(1).

through TERROS, counseling, and a parent-aide. Although Father participated in counseling and parent-aide services, he did not fully participate in substance abuse testing. Father repeatedly failed to test and failed to provide DCS with a current medical marijuana card or medical reports showing a need for the medical marijuana.[2] Consequently, he was closed out of TERROS twice.

¶5        Additionally, the DCS case manager testified about multiple concerns with Father during supervised visits with the children. The parent-aide reported on more than one occasion the home smelled of marijuana and Father appeared under the influence. Father also fell asleep during his supervised visits on multiple occasions and had liquor and marijuana where the children could access it.

¶6        In December 2015, DCS moved for termination of parental rights as to both Mother and Father. The grounds alleged against Father were that he was unable to discharge parental responsibilities because of a history of chronic abuse of dangerous drugs, controlled substances, and/or alcohol and that reasonable grounds existed to believe that the condition would continue for a prolonged indeterminate period pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3) (2016).[3] Father failed to appear for the initial severance hearing and the juvenile court found no good cause for the failure to appear and held that Father therefore waived his right to contest the allegations against him. Father appeared at the contested severance hearing and was allowed to cross-examine witnesses as well as argue that severance was not in the children's best interest.

¶7        In February 2016, the juvenile court found DCS had proved its allegations against Father and terminated his parental rights to the children. Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2016), 12-120.21(A)(1) (2016), and 12-2101(A)(1) (2016).

**DISCUSSION**

¶8        A parent's right to custody and control of his own child is fundamental, *Santosky v. Kramer*, 455 U.S. 745, 753 (1982), but not absolute,

---

[2]        When Father had a valid medical marijuana card is unclear, but the DCS case manager testified Father's card had expired by the time of the severance hearing.

[3]        We cite to the current version of statutes unless changes material to this decision have occurred.

*Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶¶ 11-12 (2000). To justify severance of a parental relationship, the State must prove by clear and convincing evidence one of the statutory grounds in A.R.S. § 8-533(B). *Michael J.*, at 249, ¶ 12. The State must also prove by a preponderance of the evidence that severance of the parent-child relationship is in the best interest of the child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005).

¶9 Because the juvenile court is in the best position to weigh the evidence and judge credibility, "we will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). We do not reweigh the evidence, but "look only to determine if there is evidence to sustain the court's ruling," *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004) and reverse only if no reasonable evidence to support the ruling exists, *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 13 (App. 2010).

¶10 Father argues the juvenile court erred in finding that his marijuana use was improper because his custody rights were protected under the Arizona Medical Marijuana Act ("AMMA"), A.R.S. §§ 36-2801 to -2819 (2014 and Supp. 2015). Additionally, Father argues that the court erred in finding that he was unable to discharge his parental responsibilities due to his drug use.

¶11 We disagree. A.R.S. § 36-2813(D) (2016) states:

> No person may be denied custody of or visitation or parenting time with a minor, and there is no presumption of neglect or child endangerment for conduct allowed under this chapter, unless the person's behavior creates an unreasonable danger to the safety of the minor as established by clear and convincing evidence.

We assume without deciding that A.R.S. § 36-2813(D) applies to parental severance cases in which a parent lawfully uses medical marijuana pursuant to the AMMA. Here, however, if Father ever had a medical marijuana card it is undisputed that he did not have one at the time of the contested severance hearing but continued to use marijuana. Accordingly, he cannot rely on A.R.S. § 36-2813(D) to protect his parental rights from severance under A.R.S. § 8-533(B)(3).

¶12 The juvenile court also did not err in finding that DCS had met its burden of proof under A.R.S. § 8-533(B)(3). Pursuant to that statute,

a court may terminate parental rights if clear and convincing evidence is presented showing the "parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of . . . controlled substances . . . and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). A DCS case worker testified that on numerous occasions during supervised visits, the parent-aide reported that the home smelled of marijuana, Father appeared to be under the influence, and Father would fall asleep. Father also failed to keep his marijuana out of the reach of the children. Because this evidence supports the court's finding that Father was unable to discharge his parental responsibilities due to drug use, we affirm the termination of Father's parental rights to the children.

¶13        Father also argues that the court erred by finding that severance was in the best interest of the children because the children were not in an adoptive placement nor had one been located. We disagree.

¶14        To show that termination is in the best interest of the children, DCS must prove the children "would derive an affirmative benefit from termination or incur a detriment by continuing in the relationship." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6 (App. 2004). "The benefit of severance to the child is that which the legislature intended: freedom to be adopted into a stable and nurturing home." *In re Maricopa Cty. Juvenile Action No. JS-8441I*, 175 Ariz. 463, 469 (App. 1993), *abrogated on other grounds by Kent K.*, 210 Ariz. at 282, 288, ¶¶ 12, 41. DCS is not required however to show that a specific adoption plan is in place before terminating a parent's rights, it only needs to show that the children are adoptable. *See Juvenile Action No. JS-8441I*, 175 Ariz. at 469. Although the children are not in an adoptive placement, the DCS case worker testified that they are adoptable. Therefore, the court did not abuse its discretion by finding that severance was in the best interest of the children.

## CONCLUSION

¶15 For the foregoing reasons, the record supports the juvenile court's termination of Father's parental rights, and that severance is in the best interest of the children. Therefore, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA